IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY D. LEISER

      Plaintiff,

    v.

REED RICHARDSON, et al.,

      Defendants.

OPINION and ORDER

Case No. 16-cv-860-slc

*Pro se* plaintiff Jeffrey Leiser is proceeding in this lawsuit under 42 U.S.C. § 1983 on a First Amendment free speech claim and a First Amendment retaliation claim against employees of Stanley Correctional Institution (Stanley). Specifically, Leiser challenges a 2016 conduct report and his transfer from Stanley to New Lisbon Correctional Institution (New Lisbon), both of which occurred after Leiser allegedly received money in exchange for providing legal services to other prisoners. Leiser has filed a motion for a cease and desist order (dkt. 19), and two motions that seek an injunction directing defendants to stop retaliating against him (dkts. 23, 27). Since the record before the court does not suggest that Leiser is entitled any of the relief he requests, I am denying the motions.

OPINION

To prevail on a motion for a preliminary injunction, a plaintiff must show: (1) likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). Upon making this showing, plaintiff then must demonstrate that the balance of harms tips in his favor and that the public interest favors the injunctive relief. *Id.* As formidable as these factors are for a typical party to prove, the Prison Litigation Reform Act

(PLRA), which governs this lawsuit, narrows the available relief to an even greater extent in cases involving prison conditions.

The PLRA requires that any injunctive relief to remedy prison conditions must be "narrowly drawn extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). It also requires this court to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." § 3626.

In his motion to cease and desist, Leiser explains that he received his Program Review Committee (PRC) paperwork in May of 2018 related to his placement, and he believes it includes a false statement related to the conduct report that is the subject of this lawsuit. Specifically, Leiser claims that his social worker at New Lisbon, A. Hinchley, commented that Leiser "later admitted to receiving money for legal services." (Dkt. 20-1, at 2.) Leiser denies ever stating as much, and he believes that New Lisbon staff and the defendants in this lawsuit included this false statement to damage his claims in this lawsuit. He seeks an order from this court directing the Wisconsin Department of Justice to investigate who made this false statement, as well as an order striking the statement from the record of this case.

Leiser's two other motions stem from what he believes to be retaliation for his motion to cease and desist and for his practice as a jailhouse lawyer. Leiser explains that on August 20, 2018, he learned that he was being transferred from New Lisbon to Redgranite Correctional Institution. However, Leiser states that on August 23, 2018, he was called to Hinchley's office, and she informed him that he would no longer be transferred. Leiser claims that these transfer

decisions were made because he filed the motion to cease and desist. Most recently, however, Leiser reports he actually was transferred to Redgranite on August 30, 2018, but that staff there will not allow him to help other prisoners with legal matters. Accordingly, Leiser seeks an injunction directing all DOC staff to stop trying to interfere with his right to file grievances and lawsuits.

None of these claims warrant injunctive relief. As an initial matter, Leiser is proceeding in this lawsuit against *only* Stanley employees in their individual capacities; Hinchley is not a defendant, nor are any New Lisbon or Redgranite employees. Accordingly, this court lacks jurisdiction to order anyone at New Lisbon, Redgranite, the Department of Justice, or the DOC more generally, to take or to stop any action. Even assuming that Hinchley's allegedly false comment in his PRC relates to Leiser's claims in this lawsuit, there is no evidence to support Leiser's theory that the defendants (who all work at Stanley and appear completely divorced from the review of Leiser's placement) are committing fraud to derail his claims in this lawsuit.

Even if we assume for the sake of argument that Leiser has shown a likelihood of success on the merits, he has fallen far short of establishing the remaining two prima facie elements necessary to obtain injunctive relief. First, Leiser has adequate remedies at Redgranite to address his concerns: he acknowledges that he can use the inmate complaint review system (1) to voice his concern about allegedly false statements in his PRC, (2) to complain about how New Lisbon staff handled his transfer and (3) to challenge how Redgranite staff is handling Leiser's foray into jailhouse lawyering. If these grievances do not allay Leiser's concerns, then–after taking all of the steps necessary to exhaust the administrative remedies available to him–Leiser may file a separate lawsuit raising these issues. While Leiser may not wish to pay a separate filing fee and

have such claims subjected to the screening requirement of the PLRA, Leiser's filings do not begin to suggest that he has been unable to take these steps to address his concerns. To the contrary, Leiser's most recent filing indicates that he has been filing grievances about his concerns, and so it appears that he is well on his way to filing another federal lawsuit.

Next, Leiser will not suffer irreparable harm absent injunctive relief. As to his motion to cease and desist, while Leiser may believe that the comment Hinchley included in the report is false, it is unclear how this subsequent statement bears on his claim in this lawsuit. In any event, defendants respond that they do not intend to use that statement as evidence in this lawsuit. Therefore, Leiser has not adequately shown irreparable harm.

Leiser's complaints about his transfer and Redgranite staff are non-starters. For one, Leiser's complaint about his transfer presents a moving target: first he complains that he was scheduled for a transfer to Redgranite (which defendants say that Leiser requested), and then he complains that the transfer was cancelled, but now that he's at Redgranite he is frustrated with the staff there. Setting aside what Leiser actually wants, the fact remains that he has no right to the prison of his choosing. *See Miller v. Turner*, 26 F. App'x 560, 562-63 (7th Cir. 2001) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976) for the proposition that an inmate does not have a constitutionally protected liberty interest in remaining at, or being transferred from, a particular institution). Likewise, while Leiser complains that Redgranite staff are impeding his right to help other prisoners with legal matters, he has no constitutional right to act as a jailhouse lawyer. *See Shaw v. Murphy*, 532 U.S. 223, 232-33 (2001). In sum, I see no basis to conclude that Leiser will suffer irreparable harm absent injunctive relief.

Even assuming that Leiser had met the prima facie elements for his requests for relief, the actual relief he seeks is too vague and overbroad to comply with the PLRA's requirements. Leiser wants this court to order the DOJ to launch an investigation into the veracity of the statements in his PRC, to strike any mention of the statement that Leiser admitted that he accepted money for legal services, and to issue an order telling DOC staff not to retaliate against him. These requests go far beyond Leiser's claims in this lawsuit. Leiser's claims here don't even involve ongoing conduct: they relate to his *2016* conduct report and transfer from Stanley to New Lisbon. For that reason as well, I am denying Leiser's motions.

Leiser would be well- advised to refocus his attention on proving the merits of his claims in this lawsuit. Toward this end, any subsequent requests for injunctive relief will, in the first instance, be subjected to summary review and decision.

ORDER

IT IS ORDERED that plaintiff Jeffrey Leiser's motions seek injunctive relief (dkts. 19, 23, 27) are DENIED.

Entered this 5th day of October, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge