IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY D. LEISER,

    Plaintiff,

v.

MARIO CANZIANI, et al.,

    Defendants.

OPINION and ORDER

Case No. 16-cv-860-slc

*Pro se* plaintiff Jeffrey Leiser proceeded in this lawsuit on First Amendment free speech and retaliation claims against Stanley Correctional Institution employees Mario Canziani, Patrick J. Lynch, and Bradley Lundmark. In particular, Leiser claimed that these defendants violated his free speech rights and retaliated against him when they issued him a conduct report and punished him for allegedly receiving money for performing legal services. On February 27, 2019, I issued an order granting defendants' motion for summary judgment, and judgment was entered in their favor that day. (Dkt. 49, 50.) Leiser filed a timely motion seeking reconsideration of that judgment, as well as an extension of time to file a notice of appeal. For the reasons that follow, I am denying Leiser's motion. I will deny his request for an extension without prejudice.

OPINION

Leiser does not cite to Federal Rule of Civil Procedure 59(e) specifically, but his arguments suggest that he is seeking to alter or amend the judgment pursuant to this rule. "To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)

(internal quotation and citation omitted). A Rule 59(e) motion is not intended as a vehicle to relitigate matters already disposed of, or to raise novel theories. *Federal Deposit Insurance Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986). In this context, "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Leiser seeks reconsideration by arguing, for the most part, that I made credibility determinations to discount several pieces of evidence that he claims support his defense that he never received money for legal services. Leiser specifically points to: (1) the testimony of two other prisoners, Worzalla and Galleon, who each testified during the disciplinary hearing that he had never paid Leiser for legal services; (2) the affidavits from Corbine and Paige, who each averred that they never paid Leiser for his legal services; and (3) the affidavit of prisoner Kuslits, who also averred that he never paid Leiser for legal services. Leiser further claims that I ignored the absence of any direct evidence that Leiser accepted money for his legal services. These arguments mischaracterize my conclusions, but more importantly, Leiser misapprehends the issue actually before this court. The question is *not* whether this court agrees with defendants' conclusion that the evidence established that Leiser actually had received money for legal services. The question is whether the defendants had enough evidence to permit *them* rationally to conclude that Leiser had received money for legal services. (*See* 2/27/2019 Order (dkt. 49) at 10-11.)

I framed the question in this fashion based on *Turner v. Safley*, 482 U.S. 78 (1987), in which the Supreme Court held that prison officials may restrict a prisoner's First Amendment right to free speech if the restriction is "reasonably related to legitimate penological interests." *Id.* at 87. Applying this standard, I acknowledged Leiser's position – that defendants were wrong

2

in concluding that he was accepting money for legal services – but then framed the operative question as "did the defendants' decisions bear a logical relationship to a legitimate penological interest," based on "all of the information available" to them at the time. (*Id.*) I concluded that, although the defendants did not have smoking gun evidence that Leiser had accepted money for legal services, the evidence they *did* have permitted each of them rationally to conclude that Leiser was accepting money for legal services. Was it the only conclusion they could have reached on the record before them? No, probably not. But it was a sufficiently logical conclusion sufficiently tethered to Stanley's legitimate penological needs to withstand Leiser's First Amendment challenge. Leiser's arguments in his motion simply rehash his account of the evidence he presented the conduct report hearing. He has provided no basis for reconsideration.

As for his retaliation claim, Leiser argues that I incorrectly concluded that there was no evidence of record that would permit a finding that any of the defendants *intended* to punish him for filing other lawsuits. Leiser insists that an email from non-defendant Unit Manager Stroudt provides evidence of retaliatory motive. In that email, Stoudt asked why Leiser's conduct report hearing had not taken place yet, stating that she had been "bugging Lundmark and Steinke about it," and that she was concerned that they were "going to run short on the extension." (Pl. Ex. 100-35 (dkt. 38-35).) Leiser claims that Stoudt's inquiries were intended to remind Lynch that Leiser had sued him before. I already had acknowledged that Lynch knew about Leiser's prior lawsuits. Leiser's suggestion that this email highlights any of the named defendant's wish to punish him for other lawsuits requires an inferential leap not grounded in any facts. Rather, the only reasonable inference to draw from this communication is that Stoudt was checking on the timing of the conduct report hearing. Accordingly, I see no basis to reconsider my finding that the record is devoid of evidence of retaliatory motive.

3

Finally, the heading of Leiser's motion for reconsideration includes a motion for an extension of time to appeal, but he does not provided any argument in support of that request. I'm denying this request without prejudice. It appears that Leiser requested the extension so that he does not lose his ability to file an appeal while his motion for reconsideration is pending. However, he does not need an extension, since his time to file a notice of appeal runs from the entry of the order disposing of his Rule 59(e) motion. *See* Fed. R. App. 4(4)(A)(v). Accordingly, I am denying Leiser's motion for extension without prejudice to Leiser renewing it. In renewing such a motion, he should refer to Federal Rule of Appellate Procedure 4(a)(5)(A), which permits the court to "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(a)," upon a finding of good cause or excusable neglect.

ORDER

IT IS ORDERED that plaintiff Jeffrey Leiser's motion for reconsideration and extension to appeal (dkt. 51) is DENIED.

Entered this 16th day of May, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge